1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9           SOUTHERN DISTRICT OF CALIFORNIA

10

11   HERBERT JOHNSON,                    Case No.: 3:19-cv-00683-LAB-MSB
     CDCR #P-60805,
12                                       **ORDER:**
                              Plaintiff,
13                                       **1) DENYING PLAINTIFF LEAVE**
          vs.                            **TO PROCEED IN FORMA**
14                                       **PAUPERIS AS BARRED BY**
                                         **28 U.S.C. § 1915(g)**
15                                       **(ECF No. 2)**
     M. HILL, CCI Counselor; C/O
16   BOWART; C. TISCORNIA, Librarian;
     MARTY, Nurse; HOMER, CCII,          **AND**
17
                              Defendants.
18                                       **2) DISMISSING CIVIL ACTION**
                                         **WITHOUT PREJUDICE FOR**
19                                       **FAILURE TO PAY FILING FEE**
20                                       **REQUIRED BY 28 U.S.C. § 1914(a)**
21

22

23       Herbert Johnson ("Plaintiff"), currently incarcerated at Richard J. Donovan

24   Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, filed a civil

25   rights Complaint pursuant to 42 U.S.C. § 1983 in the Central District of California on

26   March 27, 2019, together with a request to proceed in forma pauperis ("IFP") pursuant to

27   28 U.S.C. § 1915(a). (*See* ECF Nos. 1, 2.)

28   ///

1

On April 11, 2019, however, United States District Judge Manuel L. Real found that because all defendants are alleged to reside and/or be employed at RJD, and all or a substantial part of Johnson's claims are alleged to have arisen at RJD, venue did not lie in the Central District pursuant to 28 U.S.C. § 1391(b). Therefore, Judge Real transferred the case here pursuant to 28 U.S.C. § 1406(a). (*See* ECF No. 4.) He did not address Johnson's pending IFP request, and also deferred the initial screening required by 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b) to this Court. (*Id.* at 3.)

## I. Request to Proceed IFP

### A. Standard of Review

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

"Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). "[S]ection

1  1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after
2  the statute's effective date." *Id.* at 1311.

3      "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which
4  were dismissed on the ground that they were frivolous, malicious, or failed to state a claim,"
5  *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court
6  styles such dismissal as a denial of the prisoner's application to file the action without
7  prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008);
8  *see also El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (noting that when
9  court "review[s] a dismissal to determine whether it counts as a strike, the style of the
10 dismissal or the procedural posture is immaterial. Instead, the central question is whether
11 the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'")
12 (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

13     Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g)
14 from pursuing any other IFP civil action or appeal in federal court unless he alleges he is
15 facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*,
16 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a
17 plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at
18 the time of filing.").

19     B.    Discussion
20     As an initial matter, the Court has reviewed Johnson's Complaint and finds it does
21 not contain any "plausible allegations" which suggest he "faced 'imminent danger of
22 serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28
23 U.S.C. § 1915(g)). Instead, Johnson seeks to sue RJD Correctional Counselors, a nurse,
24 and a librarian based on claims that on various occasions in February, March, and
25 September 2018, after he arrived at RJD from either CMF in Vacaville, "SAC" or "New
26 Folsom," they "wrote him up" for refusing to take a "profiling" or "COMPAS" test, denied
27 him "free copies," separated him from his legal and personal property while he was in Ad-
28 Seg, "abuse[d] [his] meds" during the "8 p.m. pill call," and "slam[med]" him when he

refused to cuff up and "go to committee." (*See* Compl., ECF No. 1 at 3- 13.) Section § 1915(g)'s "imminent danger" exception cannot be triggered solely by complaints of past harm. *See Cervantes*, 493 F.3d at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint."); *see also Parker v. Montgomery Cty. Corr. Facility/Bus. Office Manager*, 870 F.3d 144, 154 n.12 (3d Cir. 2017) ("Although prison can undoubtedly be a dangerous place, incarceration alone does not satisfy the requirement of "imminent danger of serious physical injury" for purposes of § 1915(g). Indeed, if it did, every prisoner would be entitled to IFP status and the exception would swallow the rule.") (citation omitted).

And while Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.[1] That is the case here.

Based on a review of its own dockets and other court proceedings available on PACER, the Court finds that Plaintiff Herbert Johnson, identified as CDCR #P-60805, while incarcerated, has brought more than three prior civil actions and appeals which were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). They are:

> 1) *Johnson v. Deputy Malone, et al.*, Civil Case No. 2:10-cv-01611-GHK-RNB (C.D. Cal. April 26, 2010) (Report and Recommendation ("R&R") to

---

[1] The Court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452–MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

Dismiss First Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)) (ECF No. 9); (C.D. Cal. June 4, 2010) (Order Adopting R&R) (ECF No. 11) (strike one);

2)      *Johnson v. Walker, et al.*, Civil Case No. 3:12-cv-00841-LAB-RBB (S.D. Cal. June 26, 2012) (Order Dismissing Civil Action as Frivolous pursuant to 28 U.S.C. § 1915A(b)(1) and Denying Motion to Proceed IFP as Moot) (ECF No. 11) (strike two);

3)      *Johnson v. Walker, et al.*, Civil Case No. 3:12-cv-01837-CAB-BGS (S.D. Cal. Aug. 7, 2012) (Order Dismissing Civil Action as Frivolous pursuant to 28 U.S.C. § 1915A(b)(1)) (ECF No. 18) (strike three); and

4)      *Johnson v. Millard, et al.*, Civil Case No. 3:11-cv-01691-JAH-NLS (S.D. Cal. Sept. 5, 2012) (Orders Adopting R&Rs to Grant Defendants' Motions to Dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6)) (ECF Nos. 37, 38); (S.D. Cal. Feb. 11, 2013) (Order Dismissing Action) (ECF No. 41)) (strike four).[2]

Accordingly, because Plaintiff has, while incarcerated, accumulated more than three "strikes" as defined by § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").[3]

---

[2] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("A prisoner may not avoid incurring strikes simply by declining to take advantage of [an] opportunity to amend.").

[3] Johnson has also been denied leave to proceed IFP pursuant to 28 U.S.C. § 1915(g) in the Southern District of California on three subsequent occasions. *See Johnson v. Ferrel, et al.*, Civil case No. 3:18-cv-02553-JAH-BGS (S.D. Cal. Jan. 31, 2019 Order Denying Leave

## II.    Conclusion and Order

For the reasons set forth above, the Court:

(1)    **DENIES** Plaintiff leave to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g);

(2)    **DISMISSES** this civil action sua sponte without prejudice for failing to prepay the $400 civil and administrative filing fees required by 28 U.S.C. § 1914(a);

(3)    **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

(4)    **DIRECTS** the Clerk of the Court to close the file.

**IT IS SO ORDERED**.

Dated:  June 12, 2019

Hon. Larry Alan Burns
Chief United States District Judge

---

to Proceed IFP as barred by 28 U.S.C. § 1915(g) and Dismissing Civil Action for Failure to Pay Filing Fee as Required by 28 U.S.C. § 1914(a)) (ECF No. 5); *Johnson v. Paramo, et al.*, Civil Case No. 3:16-cv-00723 BEN (RBB) (S.D. Cal. July 18, 2016) (Order Denying Motions to Proceed IFP and  to Appoint Counsel as barred by 28 U.S.C. § 1915(g) and Dismissing Civil Action for Failure to Pay Filing Fee as Required by 28 U.S.C. § 1914(a)) (ECF No. 5); and *Johnson v. CDC Medical, et al.*, Civil Case No. 3:13-cv-2498-JLS-BLM (S.D. Cal. Oct. 24, 2013) (Order Denying Motion to Proceed IFP as Barred by 28 U.S.C. § 1915(g) and Dismissing Case for Failure to Pay Filing Fee as Required by 28 U.S.C. § 1914(a)) (ECF No. 4). And while Plaintiff appealed Judge Sammartino's Order in Civil Case No. 3:13-cv-2498-JLS-BLM, the Ninth Circuit denied Plaintiff leave to proceed IFP on appeal "because the USDC correctly determined that appellant has had three or more prior action or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted." (ECF No. 9) (USCA Case No. 13-57086).

3:19-cv-00683-LAB-MSB